IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS					CRIMINAL NO. 1:03cr20WJG-1

JOHN O'NEAL

O R D E R

     THIS CAUSE comes before the Court on the motion [21] of the Defendant, John O'Neal, for authorization to issue a subpoena filed in conjunction with a motion to amend the judgment in this case.  O'Neal indicates that he was ordered to make restitution to First National Bank [First National] in Lucedale, Mississippi, in the amount of $881,687.74 as part of his sentence. (Ct. R., Doc. 21, p. 1.)  He asserts that he was to receive an offset against his restitution for any sums recovered as a result of the civil proceedings with the OCC[1].  (*Id*., pp. 1-2.)

     O'Neal contends that First National received a settlement from its insurer on O'Neal's bond for the criminal activity resulting in his conviction.  (*Id*., p. 2.)  O'Neal further contends that part of the loans for which he signed an indemnity agreement were allegedly included in the restitution amount, and that First National may have collected money on these loans which O'Neal argues should be credited toward his restitution.  (*Id*.)  In order to determine if an offset is appropriate under these circumstances, O'Neal seeks permission to issue a subpoena to First

---

[1] Office of the Comptroller of Currency [OCC].

National's custodian of records to ascertain whether any collections or settlements were received by First National. (*Id.*)

The judgment in this case provided as follows concerning O'Neal's restitution:

> Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows: Lump sum payment of $881,787.74 due immediately, balance due in accordance with E below: Payable immediately with any unpaid balance to be paid at a rate of $500 per month during the term of supervised release. The defendant shall be credited with any monies paid towards the resolution of the civil settlement/bankruptcy proceedings with the OCC.

(Ct. R., Doc. 13, p. 6.)

The Court finds that O'Neal's motion to issue a subpoena to ascertain whether any amount was collected by First National which could be credited toward the amount of restitution ordered in the judgment on his sentence should be granted. In addition to determining whether any amount could be credited toward the restitution amount, Defendant should also present any argument and law which would support his contention that the amount, if any, should apply toward his restitution. The United States may present any evidence which negates O'Neal's contention that a credit should apply to his restitution, if any is available, in addition to and legal reasons why the credit should not apply in this case, if any is found to apply.

This finding in no way alters the judgment imposed in this case at Defendant's sentencing hearing held August 4, 2003, which judgment remains unchanged and in full force and effect. (Ct. R., Doc. 13.) The Court further finds that Defendant's motion to amend judgment should be held in abeyance pending further briefing and evidence presented in accordance with this order. It is, therefore,

ORDERED AND ADJUDGED that Defendant's motion [21] to amend the judgment in this cause and authorize subpoena be, and is hereby, granted in part and denied in part at this time. It is further,

ORDERED AND ADJUDGED that Defendant's motion [21] for permission to issue a subpoena to First National be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that the defendant's motion to amend sentence be, and is hereby, denied at this time. This portion of the motion shall be held in abeyance pending further briefing and factual findings on the motion.

SO ORDERED AND ADJUDGED this the 8th day of December, 2008.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE