IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                                PLAINTIFF

VERSUS                                            CRIMINAL NO. 1:03cr20WJG-JMR-001

JOHN O'NEAL                                                             DEFENDANT

O R D E R

THIS CAUSE comes before the Court on the motion [21] of the Defendant, John O'Neal, to amend the Judgment in this matter to reflect a credit toward the amount of restitution owed by O'Neal in this case. Pursuant to this motion, information was received by the Court regarding a civil settlement which may qualify as an offset to the amount of restitution ordered by the Court. Specifically, the judgment in this case provides as follows:

> Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows: Lump sum payment of $881,787.74 due immediately, balance due is payable immediately with any unpaid balance to be paid at a rate of $500 per month during the term of supervised release. The defendant shall be credited with any monies paid towards the resolution of the civil settlement/bankruptcy proceedings with the OCC.

(Ct. R., Doc. 13, p. 6.)

The OCC found that some time in 1997, O'Neal approved overdrafts and issued letters of credit in connection with the First National Bank of Lucedale's [Bank] largest criticized borrower. (Ct. R., Doc. 21-2, p. 9.) This included the approval of overdrafts on deposit accounts of the Bank's largest criticized borrower in which O'Neal was an undisclosed 50% owner with his brother. (*Id.*) He issued ten letters of credit totaling $555,000 without authorization. (*Id.*)

Another company submitted a fictitious invoice to the Bank for the purpose of covering the overdraft balance in that company's deposit account which resulted in a loss to the bank in the amount of $112,000. (*Id*., pp. 3-4.) In addition, O'Neal allowed the use of Bank issued credit cards intended to be used for Bank related expenses for purchasing personal items and expenses for himself and his family members in the amount of $25,647.56. (*Id*., p. 4.) He also permitted the use of Bank issued cellular telephones and two-way radio equipment for the personal benefit of family members and customers of the Bank. (*Id*., pp. 4-5.) The charges for the use of this equipment was $10,388.69. (*Id*., p. 5.) Additionally, O'Neal allowed the payment of cellular telephone expenses incurred by a Bank customer and borrower in the amount of $16,651.49 to be paid by the Bank. (*Id*.)

O'Neal seeks an offset or credit for amounts recovered by the Bank against the restitution amount he was ordered to pay. (Ct. R., Doc. 21, p. 2.) The Bank reached a settlement with its insurer in a lawsuit based in part on O'Neal's relevant conduct underlying the criminal conviction in this case. (*Id*.) O'Neal sought information regarding the nature of that settlement, and, if relevant, an amendment to the portion of his judgment which details the amount of restitution that O'Neal is required to pay the Bank. (*Id*.)

"As a general rule, the party seeking the adjustment in the sentence is the party that has the burden of proving the facts to support the adjustment." *United States v. Flanagan*, 80 F.3d 143, 146 (5th Cir. 1996). In this case, Defendant was unable to procure a copy of the civil settlement involving the Bank. The information was provided to the Court, along with testimony regarding certain gains and losses to the Bank's income, during an evidentiary hearing on the motion to correct judgment held on April 5, 2010. (Ct. R., Doc. 36.) Sherry Moody, who

worked at the Bank and maintained the records of loans and letters of credit relevant to O'Neal, testified that several of the loans were charged off by the Bank. (Moody Test.) She also testified about the settlement agreement entered between the Bank and Progressive Casualty Insurance Company in May 2002. (Ct. R., Doc. 37-4.) She stated that proceeds from settlement were applied to the income of the Bank. (Moody Test.)

Restitution in criminal cases serves more than one purpose; it is not only a means of making a victim whole, but also serves punitive and rehabilitative purposes. *See Hughey v. United States,* 495 U.S. 411, 418 (1990); *Kelly v. Robinson,* 479 U.S. 36 (1986). In this case, the judgment specifically calls for credit to be applied toward the restitution amount for payments made toward resolution of civil settlement/bankruptcy proceedings with the OCC. (Ct. R., Doc. 19-3, p. 6.) This would prevent a double recovery by the Bank for any losses it sustained in this case. *See FDIC v. Mmahat*, 907 F.2d 546, 550 (5th Cir. 1990), *cert. denied* 499 U.S. 936 (1991).

The Court has carefully considered the settlement documents submitted by the Bank along with the testimony and briefs received by the Court in this case. Included in the insurance claim sent to the insurance company by the Bank were the following entries: a loss of $87,999.87 for the unauthorized use of Bank issued credit cards; a loss of $16,651.00 for the use of two-way radio equipment; a loss of $27,244.81 for cellular phone bills; a loss of $25,115 for two tractors leased by Twin Oaks/Double J Trucking; and losses attributed to Jeffrey O'Neal and Trent, Jarrod and Darwin O'Neal in the amount of $192,000.16 and $120,000 respectively.

There are also other loans and charges listed for a total claim of $5,362,676.76. The settlement between the insurance company and the Bank totaled $1,750,000. O'Neal and the

successor to the Bank have submitted further information in support of their respective positions regarding the application, if any, of the insurance settlement proceeds to the restitution amount.

The Court finds that O'Neal is entitled to a credit for the settlement, based on the judgment in the criminal case allowing credit towards the ordered restitution for proceeds received upon the resolution of any civil proceedings. Due to the lack of access to the relevant information, O'Neal has thus far been unable to submit any proof regarding what percentage of the settlement figures is relevant to this case. *See United States v. Rico Indus*., 854 F.2d 710, 715 (5th Cir. 1989), *cert. denied* 489 U.S. 1078. A representative from the Bank testified during a hearing on this matter that many of the loans and other losses attributable to O'Neal's relevant criminal behavior were charged off by the Bank over the course of business. That representative was not able to specify whether the charge offs or the insurance settlement proceeds were apportioned in any manner to specific losses.

Based on this information, and the relevant law, the Court finds that the restitution ordered by this Court in this case is satisfied. It is, therefore,

ORDERED AND ADJUDGED that the defendant's motion to amend sentence [21] be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that the restitution ordered in this case on the part of John O'Neal be, and is hereby, satisfied.

SO ORDERED, this the 24th day of June, 2010.

                                          *Walter J. Gex III*
                                  UNITED STATES SENIOR DISTRICT JUDGE